JOURNAL ENTRY AND OPINION
{¶ 1} Ludy Woods appeals from the trial court's acceptance of his guilty plea and the subsequent prison sentence imposed. Woods essentially argues that he was not informed by the trial court of the possibility of post-release control at his plea/sentencing hearing. After reviewing the arguments of the parties and for the reasons set forth below, we vacate Woods' plea and remand this cause for further proceedings.
 {¶ 2} On December 19, 2002, the Cuyahoga County Grand Jury indicted Woods on five felony counts. Count one charged possession of drugs, specifically crack cocaine in an amount less than one gram, in violation of R.C. 2925.11, a fifth degree felony. Count two charged possession of drugs, to wit, crack cocaine in an amount exceeding twenty-five grams but less than one hundred grams, in violation of R.C. 2925.11, a felony of the first degree. Counts three and four charged drug trafficking, in violation of R.C. 2925.03, felonies of the first degree. Counts three and four also included schoolyard specifications, pursuant to R.C.2925.03(c)(2)(b). Count five charged possession of criminal tools, in violation of R.C. 2923.24, a felony of the fifth degree. Woods pleaded not guilty to the entire indictment.
 {¶ 3} On April 28, 2003, Woods entered a guilty plea to a single amended count of drug trafficking of crack cocaine, in an amount equal to or exceeding ten grams but less than twenty-five grams, in violation of R.C. 2925.03, a felony of the second degree; the schoolyard specification was deleted. All remaining counts against Woods were dismissed.
 {¶ 4} On the same day, Woods was sentenced to three years of imprisonment followed by post-release control and a one-year suspension of his driver's license. On December 16, 2003, Woods filed a pro se motion requesting judicial release, which was denied by the trial court. Thereafter, Woods (the "appellant") filed this appeal alleging six assignments of error for review.[1]
 {¶ 5} In the appellant's first assignment of error, he claims the trial court failed to inform him that post-release control would be part of his prison sentence, which caused him to enter his guilty plea without full knowledge of all the potential penalties that he was subject to, in violation of Crim.R. 11. Specifically, the appellant claims he was not notified of the consequences of violating post-release control at the plea hearing.
 {¶ 6} Post-release control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. Pursuant to R.C. 2967.28(B) and (C), a trial court must inform the offender at sentencing or at the time of a plea hearing that post-release control is part of the offender's sentence. State v. Jordan (2004),104 Ohio St.3d 21, 28, 817 N.E.2d 864, Woods v. Telb, 89 Ohio St.3d 504,2000-Ohio-171, 733 N.E.2d 1103. A trial court's lack of notification regarding post-release control during a plea hearing could in some instances form a basis to vacate a plea. Jordan, supra. Without an adequate explanation of post-release control from the trial court, a defendant could not fully understand the consequences of his plea as required by Crim.R. 11(C). State v. Jones (May 24, 2001), Cuyahoga App. No. 77657.
 {¶ 7} Moreover, R.C. 2929.19(B)(3)(e) requires the trial court to "notify the offender that, if a period of supervision is imposed following the offender's release from prison, * * * if the offender
 {¶ 8} violates that supervision or a condition of post-release control imposed * * * the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender."
 {¶ 9} In the instant matter, the following exchange occurred between the trial court, the appellant, and the appellant's attorney:
 {¶ 10} "Mr. Butler: — do you have to indicate to him about post-release control?
 {¶ 11} "Court: Yes, that's correct. Thank you for reminding the court. Post-release control for a felony of the second degree could be up to three years. It also could be up to five years depending upon the Parole Board's review of your history. So you're looking at, for a matter of practical purposes, of being on post-release control for any period of time up to and towards five years. Do you understand that?
 {¶ 12} "Defendant: Yes, Ma'am.
 {¶ 13} "Court: That would be the same thing you just went through after boot camp with one of those officers and that would be upon your release.
 {¶ 14} "Defendant: Yes."
 {¶ 15} After reviewing the record, we find that the trial court informed the appellant that he would be subject to post-release control at the plea hearing; however, the court failed to inform the appellant of the consequences of violating post-release control, as required by R.C.2929.19 (B)(3)(e) and R.C. 2943.032(E).[2] Therefore, we conclude that the court's explanation of post-release control sanctions was inadequate and did not substantially comply with the court's responsibilities under Crim.R. 11(C)(2)(a). Accordingly, we sustain the appellant's first assignment of error and vacate appellant's guilty plea, remanding this cause for further proceedings. The appellant's remaining assignments of error are therefore rendered moot.
 {¶ 16} This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Karpinski, J., concur.
 Appendix A
Appellant's six assignments of error:
I. The trial court erred in accepting a guilty plea from appellant for a felony of the second degree without complying with Criminal Rule 11(2)(b) which required the court to inform the defendant of all the effects of entering a guilty plea in order to affirm that defendant was entering his plea voluntarily, intelligently and knowingly.
II. The trial court erred when, at the sentencing hearing, it failed to advise appellant of the consequences of committing certain violations of prison rules or the supervision or conditions of post-release control pursuant to O.R.C. 2929.19.
III. The trial court erred when, at the sentencing hearing, it failed to notify appellant of his right to appeal pursuant to Criminal Rule 32 (b)(2) and Criminal Rule 32 (b)(3).
IV. The appellant was denied his right to effective assistance of counsel as guaranteed by the ohio and federal constitutions when counsel failed to object on the basis that Criminal Rule 11 (2)(b) was not properly followed by the trial court.
V. The appellant was denied his right to effective assistance of counsel as guaranteed by the ohio and federal constitutions when counsel failed to object to the court's failure to comply with Ohio Revised Code2929.19.
VI. The appellant was denied his right to effective assistance of counsel as guaranteed by the ohio and federal constitutions when counsel failed to object to the court's failure to comply with Criminal Rule 32 (B)(3).
[1] Appellant's assignments of error are included in Appendix A to this opinion.
[2] We note that the trial court did previously reference that the Parole Board may sentence the appellant to additional prison time for committing the instant crime while on post-release control. However, that explanation was also inadequate under R.C. 2929.19(B).